1
2
3
4
5
<u>6</u>
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18

**LEBRON SAMUELS,**

                              Petitioner,

         **v.**

**PAUL COPENHAVER, Warden,**

                              Respondent.

**Case No. 1:14-cv-00372-DAD-MJS (HC)**

**FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS AND TO GRANT RESPONDENT'S MOTION TO DISMISS**

**(ECF No. 9)**

19
20
21
22
23
24
25

         Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner claims entitlement to a credit against his federal sentence for time spent in custody from May 6, 2009 to October 2, 2009 prior to the commencement of his federal sentences.  (*See* Pet., ECF No. 1.)  On May 19, 2014, Respondent filed a motion to dismiss and an answer to Petitioner's petition for writ of habeas corpus.  (ECF No. 9.)  Petitioner filed a reply on January 26, 2015.  (ECF No. 14.)

26     **I.       FACTUAL BACKGROUND**

27
28

         The instant petition does not challenge Petitioner's conviction.  Rather, Petitioner contends that the Bureau of Prisons ("BOP") is executing Petitioner's sentence in a way

1   that violates federal law because the BOP refuses to give Petitioner credit for his pre-trial

2   detention from May 6, 2009 to October 2, 2009[1]; Petitioner claims further that that time

3   was not credited against any other sentence.

4         **A.    Petitioner's Federal and State Convictions**

5         On May 6, 2009, Petitioner was arrested on Oklahoma state charges for an

6   outstanding state warrant in case number CF-05-7398, obstructing an officer, and

7   possession of a firearm after former conviction of a felony.  (ECF Nos. 9-2 at 2; 9-3 at 4.)

8   On May 11, 2009, Petitioner was charged federally with being a Felon in Possession of a

9   Firearm in the Western District of Oklahoma.  (ECF No. 9-3 at 2.)  The Western District

10   of Oklahoma issued a detainer for Petitioner to the Oklahoma County Detention Center,

11   where he was being held in state custody.  (*See* ECF No. 9-4 at 2.)  On September 30,

12   2009 [2], in Case No. CF-2009-2945, Oklahoma County issued an order releasing

13   Petitioner on bond from the custody of the Oklahoma County Sheriff into federal custody.

14   (ECF No. 9-6 at 2.)

15         On November 17, 2009, the Western District of Oklahoma sentenced Petitioner to

16   46 months on the Felon in Possession of a Firearm charge.  (ECF No. 9-8 at 2-7.)

17         On December 18, 2009, Petitioner was sentenced in Oklahoma state Case No.

18   CF-09-2945 on two counts of possession of a controlled dangerous substance.  (ECF

19   No. 9-9 at 2.)  Respondent submits a declaration from Dawn Giddings, a BOP employee,

20   who avers that Petitioner's charges in this case stem from his May 6, 2009 arrest.  (ECF

21   No. 17 at 3.)  On Count 1, Petitioner received a four-year sentence, and on Count 2,

22   Petitioner received a one-year sentence.  (ECF No. 9-9 at 2.)  The Judge ordered that

23   Petitioner "receive credit for time served on this case", and the sentences were to run

---

[1] It is not clear from the record how much of this time Petitioner spent in the Oklahoma County Jail ("OCJ") and how much he spent in a federal holding cell.  (ECF No. 9-18 at 12.) (Petitioner was "'borrowed' approximately four times from the state" prior to October 2, 2009)), *cf.* (ECF No. 17 at 2.) (noting that Petitioner was writted over to federal custody on only one occasion on May 15, 2009). Regardless, the record is clear that Petitioner remained in the primary custody of the state during this time period. *See infra*, Section III.B.1.

[2] The order is dated September 30, 2009, but indicates that it was filed on October 1, 2009.  (ECF No. 9-6 at 2.)  It is undisputed that the relevant time period is through October 1, 2009.

concurrent to one another and with Petitioner's sentence in federal case "number #174422064"[3].  (*Id.*)

On December 15, 2010, Petitioner was sentenced to "48 months, to be served consecutive to any other sentence [he was] serving", for use of a communication facility to facilitate the acquisition of a cocaine base.  (ECF No. 9-10 at 2-3.)

The BOP applied 57 days of credit to Petitioner's sentence pursuant to *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).  (ECF No. 17 at 5-6.)  Petitioner's projected release date with Good Conduct Time is September 29, 2016.  (ECF No. 9-17.)

**B.    Administrative Grievance Process**

The BOP administrative grievance process has four levels of review: one informal and three formal.  28 C.F.R. §§ 542.10 - 542.19.  The first informal level of review requires an inmate to attempt to resolve the issue by presenting it to staff.  28 C.F.R. § 542.13(a).  If the inmate is unsatisfied with the informal resolution, the inmate may submit a formal written Administrative Remedy Request.  28 C.F.R. § 542.14.  Unless determined to be an emergency, the Warden has 20 calendar days to respond and may extend this period up to 20 days with written notice to the inmate.  28 C.F.R. § 542.18.  If the inmate is not satisfied with the Warden's response, he may proceed to the second formal level of review by appealing the matter to the Regional Director.  28 C.F.R. § 542.15(a).  Finally, if dissatisfied, the inmate may appeal to the final level of review – the General Counsel in the Central Office.  *Id.*  An inmate has not exhausted his administrative remedies until he pursues his claim through all three formal levels of review.

**II.    JURISDICTION**

**A.    Subject Matter Jurisdiction**

[3] It is not clear from the record what federal case the state judgment is referencing.  The record does not reflect that Petitioner has a federal case with this number.  However, the federal court documents for case numbers CR-09-00164-001-L (felon in possession case) and CR-10-144-1-F (drug case) indicate that Petitioner's U.S. Marshal Number is 17442-064.  (ECF No. 9-8 at 2; ECF No. 9-10 at 2.)

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States.   28 U.S.C. § 2241(c)(3).   Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner asserts that the Bureau of Prisons improperly calculated his prior custody credits.  The Court properly has subject matter jurisdiction over this petition.  *See Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (action over whether the parole commission had improperly failed to credit the prisoner's federal sentence with time served in state custody was properly brought under § 2241).

**B.    Jurisdiction over the Person**

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions."  A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973).  A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian.  *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).  The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. *Id.*; *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004).  It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. *Ahrens v. Clark*, 335 U.S. 188, 193 (1948); *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990).   A failure to name and serve the custodian deprives the Court of personal jurisdiction.  *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003).

1    Petitioner was incarcerated at USP Atwater at the time of filing. USP Atwater is

2    located within the Eastern District of California. Accordingly, the Court concludes that it

3    has personal jurisdiction over the custodian as Petitioner was confined in the district at

4    the time of filing. It is noted that Petitioner has since been transferred to Petersburg Low

5    Federal Correctional Institution in Petersburg, Virginia. (ECF No. 10.)

6

7    **III.    ANALYSIS**

8         **A.    Exhaustion of Administrative Remedies**

9         In general, federal prisoners must exhaust federal administrative remedies prior to

10   filing a habeas petition pursuant to 28 U.S.C. § 2241. *Martinez v. Roberts*, 804 F.2d

11   570, 571 (9th Cir.1986). Exhaustion of administrative remedies is a judicially created

12   requirement. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), overruled on other

13   grounds; *Castro-Cortez v. Immigration & Naturalization Serv.*, 239 F.3d 1037, 1047 (9th

14   Cir. 2001), abrogated on other grounds ("[S]ection [2241] does not specifically require

15   petitioners to exhaust direct appeals before filing petitions for habeas corpus. However,

16   . . . as a prudential matter" petitioners should). Requiring exhaustion allows for the

17   development of a factual record, conserves the court's time, "and allow[s] the

18   administrative agency an opportunity to correct errors occurring in the course of

19   administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir.1983).

20        Courts have discretion to waive the exhaustion requirement where "administrative

21   remedies are inadequate or not efficacious, pursuit of administrative remedies would be

22   a futile gesture, irreparable injury will result, or the administrative proceedings would be

23   void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

24        Respondent argues that Petitioner failed to exhaust his administrative remedies

25   prior to filing suit by not submitting his appeal to the final level of review. Since the time

26   for Petitioner to appeal to the Central Office has passed, Respondent contends that he

27   has procedurally defaulted and his petition should be dismissed. In his reply, Petitioner

28   does not respond to the argument that he failed to exhaust his administrative remedies.

Respondent has submitted a declaration from a BOP Paralegal Specialist who avers that Petitioner failed to exhaust his administrative remedies because he never filed a final review form with the Central Office.  Petitioner fails to submit any evidence to the contrary or articulate any reason why he should be excused from the exhaustion requirement.   Therefore, the Court finds that Petitioner has failed to exhaust his administrative remedies and recommends that Respondent's motion to dismiss be granted.

**B.    Credit for Pre-sentence Custody from May 6, 2009 to October 2, 2009**

Even if Petitioner had exhausted his claim, or the Court otherwise excused Petitioner's failure to exhaust his administrative remedies, his claim fails on the merits.

Petitioner seeks pre-sentence custody credit from May 6, 2009 to October 2, 2009.  (Pet. at 12-13.)  Petitioner contends that he was never in state custody during this pretrial period and that this time was not credited towards his state sentence.  Since Petitioner was sentenced federally first and the charges were related, he claims that the time should be credited to his federal sentence.

Respondent argues that the BOP correctly calculated Petitioner's sentence pursuant to 18 U.S.C. 3585(b), BOP policy, and the applicable case law.  The BOP did not accept primary jurisdiction of Petitioner until October 2, 2009, after he was released on bond from the state.  Because Petitioner's judgment in the state case indicates that he will receive state credit for "time served" and Petitioner remained in the primary custody of the state through October 1, 2009, the BOP did not award Petitioner credit for the time period from May 6, 2009 through October 1, 2009.  Petitioner received federal custody credit for the time spent in custody after October 1st.  Additionally, Petitioner received 57 days of credit pursuant to *Kayfez*.

1. State Has Primary Jurisdiction from May 6, 2009 to October 2, 2009

Federal custody does not begin until the state authorities relinquish the prisoner upon satisfaction of the state obligation.  *Del Guzzi v. United States*, 980 F.2d 1269, 1270-71 (9th Cir. 1992).  "Normally, the sovereign which first arrests an individual

6

acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010) (internal quotation marks omitted) (citation omitted), overruled on other grounds by *Setser v. United States*, 132 S.Ct. 1463, 1473 (2012); *see also Taylor v. Reno*, 164 F.3d 440, 444 n.1 (9th Cir. 1998). This priority of jurisdiction is often referred to as "primary jurisdiction." *Taylor*, 164 F.3d at 444 n. 1. "When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (*quoting Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)).

Here, Petitioner was arrested by the Oklahoma City Police Department on May 6, 2009. (ECF Nos. 9-2 at 2; 9-3 at 4-8.) He was not released on bond from the state and transferred into federal custody until October 1, 2009. (ECF No. 9-6 at 2.) Therefore, the state of Oklahoma retained primary jurisdiction over Petitioner from May 6, 2009 up to October 2, 2009. *See Taylor*, 164 F.3d at 445 (federal government relinquished primary jurisdiction when it released defendant on his own recognizance).

2. Section 3585(b) Does Not Authorize Petitioner to Receive Pre-sentence Credit in his Federal Gun Case from May 6, 2009 to October 2, 2009

The authority to compute a federal prisoner's sentence is delegated to the United States Attorney General, who exercises this authority through the BOP. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." *United States v. Smith*, 812 F. Supp. 368, 370 (E.D. N.Y. 1993).

Section 3585(b) requires the BOP to give credit for time spent in official detention prior to the date the federal sentence commences, but only if that time "has not been credited against another sentence." 18 U.S.C. § 3585(b). Section 3585(b) does not state when the BOP must determine whether the credits at issue have been credited

1   against another sentence.  BOP policy provides that regardless of whether the state

2   sentence is imposed before or after the commencement of the federal sentence, the

3   BOP presumes that the state has or will give an inmate credit for time spent in state

4   custody prior to imposition of the sentence.  Fed. Bureau Prisons, Program Statement

5   5880.28 (Feb. 14, 1997).

6          On November 17, 2009, Petitioner was sentenced to 46 months in the federal gun

7   case.  (ECF No. 9-8 at 2-7.)  Subsequently, Petitioner was sentenced in the state in

8   Case No. CF-09-2945 on unrelated drug charges.  Dawn Giddings, a BOP employee,

9   avers that Petitioner's charges in the state case stem from his May 6, 2009 arrest.  (ECF

10  No. 17 at 3.)  Additionally, the order releasing Petitioner on bond from the state and into

11  federal custody (the event that triggered the state losing its primary jurisdiction) indicates

12  the case number is CF-09-2945.  (ECF No. 9-6 at 2.)  While it does not appear that

13  Petitioner was initially charged with a drug offense when he was arrested on May 6,

14  2009, (ECF No. 9-2 at 2.), the record does reflect that he was being held in custody on

15  the drug charges in Case No. CF-09-2945.  When sentenced, the Judge ordered that

16  Petitioner "receive credit for time served on th[at] case."  (ECF No. 9-9 at 2.)  In other

17  words, the judgment provides that Petitioner will receive pre-sentence credit in the state

18  for the period from May 6, 2009 to October 2, 2009, when the state maintained primary

19  jurisdiction over Petitioner.  Moreover, the state confirmed to Petitioner in a letter dated

20  February 15, 2012 that because his state sentence was ordered concurrent to the

21  sentence in his federal gun case, he would receive credit for "time spent in the county jail

22  on the Oklahoma sentence" as well as "day for day credit toward the Oklahoma

23  sentence for time spent in the custody of the other jurisdiction."  (ECF No. 9-14 at 2-3.)

24         While Petitioner contends that he did not receive credit from the state of

25  Oklahoma for this time period, he provides no evidence to support his contention.  Since

26  Section 3585(b) does not allow Petitioner to receive pre-sentence credit for time that has

27  "been credited against another sentence," Petitioner is not allowed federal credit from

28  May 6, 2009 to October 2, 2009.

1

2                    3.  *Kayfez* Credits

3             While Section 3585(b) does not authorize Petitioner to receive credit for the time

4     period he seeks, the BOP did award Petitioner pre-sentence custody credits pursuant to

5     *Kayfez*.   BOP policy and case law has created two exceptions to Section 3585(b) to

6     allow an inmate to receive presentence custody credits already credited to a concurrent

7     state sentence when it is determined that the credits will be of "no benefit" to the federal

8     prisoner.  These credits are called *Willis* and *Kayfez* credits and are based on the

9     judicially-created exceptions to Section 3585(b) set forth in *Kayfez v. Gasele*, 993 F.2d

10    1288 (7th Cir. 1993) and *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).

11            In Petitioner's case, the BOP determined that he was entitled to 57 days of *Kayfez*

12    credits because the date of the full term of his concurrent state sentence after the

13    application of qualified presentence time is less than the full term of his concurrent

14    federal sentence.  (ECF No. 17 at 6.)  Petitioner does not contest the BOP's application

15    of *Kayfez*, which is allowing him to receive pre-sentence credits for a portion of the time

16    period he is contesting, or its calculation of these credits.

17

18    **IV.**    **CONCLUSION AND RECOMMENDATION**

19            Based on the above, it is RECOMMENDED that Respondent's motion to dismiss

20    be GRANTED and the petition for writ of habeas corpus be DENIED.

21            These findings and recommendations are submitted to the United States District

22    Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

23    (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

24    Eastern District of California.  Within thirty (30) days after being served with a copy, any

25    party may file written objections with the Court and serve a copy on all parties. Such a

26    document  should  be  captioned  "Objections  to  Magistrate  Judge's  Findings  and

27    Recommendations."  Replies to the objections shall be served and filed within fourteen

28    (14) days (plus three days if served by mail) after service of the objections.  The Court

will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   January 29, 2016                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE